**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISON**

**Case No. 1:26-cv-24248-GAYLES**

**BARBARA REDONDO-BARDALES,**

    **Petitioner**,

**v.**

**MARKWAYNE MULLIN, et al.,**

    **Respondents.**

                                 /

**<u>ORDER</u>**

**THIS CAUSE** comes before the Court upon Petitioner Barbara Redondo-Bardales's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (the "Petition"). [ECF No. 1]. Petitioner challenges her continued detention as unlawful under 8 U.S.C. § 1231(a)(6) and the Fifth Amendment's Due Process Clause. *See generally id*. In accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondents[1] to show cause why the Petition should not be granted. [ECF No. 6]. Respondents filed a Response in Opposition to the Petition, [ECF No. 9], and Petitioner filed a

---

[1] The Petition names Markwayne Mullin, Secretary of the United States Department of Homeland Security; Garrett J. Ripa, Miami Field Office Director of Enforcement and Removal Operations; Todd M. Lyons, Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; Todd Blanch, Acting Attorney General of the United States; and Warden of the Krome North Service Processing Center. A writ of habeas corpus must "be directed to the person having custody of the person detained." 28 U.S.C. § 2243. And in "challenges to present physical confinement," the Supreme Court has made clear that "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004); *see also id.* at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Accordingly, Warden of the Krome North Service Processing Center is the only proper Respondent here. The other Respondents shall be dismissed. *See Jackson v. Chatman*, 589 F. App'x 490, 491 n.1

Reply, [ECF No. 10]. The Court has considered the record, the parties' written submissions, and applicable law. For the following reasons, the Petition is **GRANTED**.

In her Petition, Petitioner "challenge[s] her continued detention as unlawful under 8 U.S.C. § 1231(a)(6) and the Fifth Amendment's Due Process Clause" because she "has now been detained by" ICE "for 188 days (since December 11, 2025), exceeding the six-month presumptive limit under *Zadvydas v. Davis*, 533 U.S. 678 (2001)." [ECF No. 1, Petition at 1]. She, therefore, "requests that this Court grant her" Petition "and order Respondents to release her from custody on her own recognizance or under reasonable conditions of supervision." *Id.* at 2.

The record shows that Petitioner was ordered removed from the United States to Honduras on July 26, 2010. [ECF No. 9–3, Order of the Immigration Judge]. That Removal Order was reinstated on December 1, 2025. [ECF No. 9–6]. Petitioner does not challenge the validity of the removal order. *See generally*, [ECF No. 1, Petition]. And Petitioner's detention, as a non-citizen who has been ordered removed, is mandatory under 8 U.S.C. § 1231(a)(2)(A). *See Zadvydas*, 533 U.S. at 683.

As the Eleventh Circuit has explained, "to state a claim under *Zadvydas*, [Petitioner] not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). And "only after the six-month period," the "Court would consider Petitioner's evidence as to whether 'there is no significant likelihood of [her] removal from the United States in the reasonably foreseeable future.'" *Guerra-Castro v. Parra*, No. 25-cv-22487, 2025 WL 1984300, at *4 (S.D. Fla. July 17, 2025) (citation omitted). Petitioner has satisfied her burden here.

ICE took Petitioner into custody on December 11, 2025. [ECF No. 9–7]. As of the date of this Order, Petitioner has been detained for **230 days**. Because the six-month *Zadvydas* period has long concluded, Petitioner's detention is not presumptively reasonable and her claim is ripe. Petitioner has also shown that there is a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Because she is a transgender woman from Honduras, Petitioner claimed fear of returning to Honduras, and a reasonable fear interview was conducted by a USCIS asylum pre-screening officer on February 11, 2026. [ECF No. 9–8, Withholding–Only Proceedings]. Petitioner was found credible, and the asylum officer found that Petitioner demonstrated a reasonable fear of persecution if returned to Honduras. *Id.* Further, Petitioner asserts that "out of the thirty-four countries that the United States has third country removal agreements with, the majority of countries either have laws criminalizing 'homosexual conduct,' or have limited to no protections for transgender women from high levels of societal violence." [ECF No. 1, Petition, at 10].

Respondents note that "Petitioner is presently in withholding-only proceedings" and argue, without evidence, "that it is reasonably foreseeable that a termination point (i.e. removal) will be effectuated upon resolution of same." [ECF No. 9, Resp. in Opp., at 1–2]. This conclusory statement is insufficient to rebut Petitioner's showing that there is no significant likelihood of her removal in the reasonably foreseeable future.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   Petitioner Barbara Redondo-Bardales's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief, [ECF No. 1], is **GRANTED**.

2.      On or before **August 28, 2026**, Respondents shall either remove Petitioner from the United States or release her on bond.

3.      On or before **September 11, 2026**, Respondent shall file a Status Report informing the Court of whether Petitioner was removed or released on bond, the outcome of the withholding of removal hearing set for August 10, 2026, and the status of other matters relevant to the Petition.

4.      All Respondents—aside from Warden of the Krome North Service Processing Center—are dismissed from this action. *See* 28 U.S.C. § 2243; *Rumsfeld*, 542 U.S. at 439, 447; *Jackson*, 589 F. App'x at 491 n.1.

5.      This case shall be **CLOSED** for administrative purposes.

6.      The Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may move to reopen the case should any additional relief be sought relating to the Petition or this Order.

 **DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of July, 2026.

_____
**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

4